# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VENSHARD DOUGLAS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-139-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Venshard Douglas was convicted of aiding and abetting attempting to possess, with intent to distribute, 500-grams or more of cocaine (count one) and aiding and abetting possession of a firearm in furtherance of a drug-trafficking crime (count two). After granting Douglas' request for a downward variance, the district court sentenced him, *inter alia*,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-51046

to consecutive terms of 84-months' imprisonment on count one and 60 on count two.

Douglas challenges the procedural reasonableness of his sentence, contending the court:  erred in finding him responsible for at least two kilograms of cocaine for purposes of calculating his base-offense level under Sentencing Guideline § 2D1.1(a)(5); and failed to provide adequate reasons for its sentencing decision.  Because Douglas did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Douglas must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

To the extent Douglas contends the court found he was responsible for less than two kilograms of cocaine for purposes of calculating his base-offense level under Guideline § 2D1.1(a)(5), his contention is belied by the record.  The presentence investigation report (PSR) recommended Douglas was responsible for at least two kilograms of cocaine and assigned him a base-offense level of 26 under § 2D1.1(a)(5).  At sentencing, as well as in its statement of reasons, the district court provided it had adopted the PSR without change.  To the extent Douglas asserts the court erred in finding him responsible for at least two kilograms of cocaine for purposes of calculating his base-offense level under § 2D1.1(a)(5), his assertion is unpersuasive.  Absent evidence the information in the PSR was "'materially untrue, inaccurate or unreliable'", the court did not commit the requisite clear or obvious error in finding Douglas responsible for at least two kilograms of cocaine. *United States v. Harris*, 702

No. 17-51046

F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir.1999)); *see Puckett*, 556 U.S. at 135; *United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016).

As for the other claimed error, the court did not plainly err regarding the adequacy of its sentencing explanation. *See Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 361, 364–65 (5th Cir. 2009). It considered Douglas' contentions for a downward variance and offered specific reasons for its sentencing decision. Even if the court "might have said more", it "considered the evidence and argument", and its statement of reasons for the sentence imposed was "legally sufficient". *Rita v. United States*, 551 U.S. 338, 358–59 (2007).

AFFIRMED.